IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER A. GROVER,

                                                                       OPINION AND ORDER

                    Plaintiff,

                                                                         21-cv-496-bbc

     v.

JOHN M. YACKEL,
RICHARD J. DOFOUR, and
JAMES KRAVE,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Christopher Grover, who is incarcerated at the Jackson Correctional Institution, has filed a civil complaint for monetary damages under 42 U.S.C. § 1983. Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

      In his complaint, plaintiff alleges broadly that his civil rights were violated during criminal proceedings in Sawyer County Case No. 16-CF-235, in which plaintiff was charged with multiple counts of arson and criminal damage to religious property. Dkt. #1. Although plaintiff's complaint is somewhat hard to decipher, I understand him to be alleging that the State of Wisconsin lacked jurisdiction to prosecute him because the offenses occurred on the Lac Courte Oreilles Indian Reservation and he is a tribal member. Plaintiff has named as defendants the assistant attorney general who represented the state, his defense attorney and the presiding circuit court judge. Plaintiff alleges that the assistant attorney general violated his rights by prosecuting him, the judge "allowed" the state to violate plaintiff's civil rights

1

and his defense counsel "failed to uphold the proper duties of the defense function." Dkt. #1, 2-3.

Plaintiff's complaint suffers from a number of problems. First, none of the defendants he has named can be sued under § 1983. A prosecutor enjoys absolute immunity from civil suit under § 1983 for damages "in initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). This immunity shields a prosecutor "even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." Henry v. Farmer City State Bank, 808 F.2d 1228, 1238 (7th Cir. 1986); see also Archer v. Chisholm, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."). Likewise, a judge is absolutely immune from liability for damages when performing judicial acts within the judge's jurisdiction, which are the kinds of acts plaintiff challenges here. Stump v. Sparkman, 435 U.S. 349 (1978); Loubser v. Thacker, 440 F.3d 439, 442 (7th Cir. 2006). Finally, criminal defense attorneys cannot be sued under § 1983 because they do not act under the color of state law; they are the adversary of the State. Polk County v. Dodson, 454 U.S. 312, 318, 325 (1981). Even attorneys who are appointed are not acting under the color of state law. Polk, 454 U.S. at 318 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Plaintiff might be able to bring a malpractice claim against Attorney Krave in state court or he might be able to raise ineffective assistance of counsel as an issue

on direct appeal of his conviction or in a federal habeas petition under 28 U.S.C. § 2254, but he cannot bring a § 1983 action against him.

Second, plaintiff's claims are barred because they implicate the lawfulness of his conviction. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that for a plaintiff to recover damages for an "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Id. at 486-87. A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. Id.

In this instance, plaintiff has not established the invalidity of his Sawyer County conviction by showing that he prevailed in a habeas corpus proceeding. As a result, he cannot bring a challenge to his conviction under § 1983. I will dismiss plaintiff's claims without prejudice. Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) ("When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice."). Plaintiff may raise his claims in a petition for a writ of habeas corpus in this court, but he should be aware that such a petition would have to be dismissed immediately unless he can show that he has presented his claims to the Wisconsin courts and has been denied relief at the trial and

3

appellate levels, 28 U.S.C. § 2254(b)(1)(A), or that there is no state corrective process available to him, § 2254(b)(1)(B). Publically available records show that plaintiff has a post-conviction motion pending in Sawyer County Circuit Court, which is scheduled for a hearing on October 20, 2021. Wisconsin Circuit Court Access, http://wcca.wicourts.gov, Sawyer County Case Number 2016CF 00235, Sept. 22 entry (visited Sept. 24, 2021). Thus, if plaintiff were to file a federal habeas petition now, this court would likely dismiss it as premature. Plaintiff would be wise to wait to file any federal habeas petition challenging his Sawyer County conviction until he has completely exhausted the remedies available to him in the state trial and appellate courts.

ORDER

IT IS ORDERED that plaintiff Christopher Grover's complaint is DISMISSED under Heck v. Humphrey, 512 U.S. 477, 487 (1994). The clerk of court is directed to close this case.

Entered this 24th day of September, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge